UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LATAVIOUS BEAL,

          Plaintiff,          Case No. 2:23-cv-252

v.                                     Honorable Hala Y. Jarbou

RAY VANALSTINE,

          Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court previously screened Plaintiff's complaint under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). By opinion and judgment entered February 22, 2024, the Court dismissed Plaintiff's complaint for failure to state a claim. (ECF Nos. 6, 7.) Plaintiff appealed that decision. By order entered November 20, 2024, the Sixth Circuit Court of Appeals affirmed, in part, reversed, in part, and remanded the case to provide Plaintiff leave to amend his complaint. (ECF No. 18.) Plaintiff has moved to amend his complaint. (ECF No. 21.) The Court has granted Plaintiff leave to amend in a separate order.

Plaintiff's amended complaint is now before the Court for preliminary review under the PLRA. The Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity claims against Defendant Vanalstine for failure to state a claim. Plaintiff's First Amendment claims against Defendant Vanalstine in his personal capacity remain in the case.

## Discussion

### I.     Factual Allegations[1]

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues AMF Corrections Officer Ray Vanalstine in his official and personal capacity. (Am. Compl., ECF No. 21-1, PageID.102.)[2]

Plaintiff raises a First Amendment retaliation claim against Defendant Vanalstine. (*Id.*, PageID.102, 105.) Plaintiff reports that, on September 5, 2023, Defendant Vanalstine wrote a Class II misconduct against Plaintiff for "destruction or misuse [of property]." (Misconduct Rep., ECF No. 1-1, PageID.9.) Plaintiff attached the misconduct report to his initial complaint.[3] Defendant Vanalstine described the violation as follows:

---

[1] Plaintiff has employed an unusual pleading strategy. His allegations in ¶¶ 1–5, 7, 10–12, and 14–15 are simply quotes from the "Factual Allegations" section of the Court's dismissal opinion.

[2] The Court's record citations to the amended complaint are actually references to Plaintiff's proposed amended complaint attached to Plaintiff's motion for leave to amend as an exhibit. (ECF No. 21-1.)

[3] The Court will consider the documents attached to Plaintiff's initial complaint as part of Plaintiff's amended complaint. The Court may consider documents that are attached to a *pro se* complaint when considering whether the complaint states a claim upon which relief should be granted. *See, e.g.*, *Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001) (affirming the Eastern District of Michigan District Court's consideration of the attachments to plaintiff's complaint to determine that the plaintiff had received medical treatment and, therefore, failed to state a claim under the Eighth Amendment); *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002 (6th Cir. May 23, 2018) (affirming this Court's consideration of the plaintiff's complaint allegations and the documents attached to the complaint to support the determination that the plaintiff failed to state a claim); *Hogan v. Lucas*, No. 20-4260, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) (stating

> In the toilet of cell 2-112 that was solely occupied by prisoner Beal #327749 he claimed that the toilet in the cell was clogged. The cell inspection sheet shows that everything was in working order prior to his occupation of the cell. A maintenance worker came to repair the issue and found a state issue segregation shoe lodged in the toilet. At no point in time did prisoner Beal have staff authorization to flush a shoe down the toilet. Beal identified by cell door card and Housing Unit 2 Master Count Board.

(*Id.*) Non-party Lieutenant Haapala served as the hearing officer for the misconduct hearing. The lieutenant's report does not indicate that Plaintiff even made a statement at the September 13, 2023, hearing. Instead, Lieutenant Haapala dismissed the charge "due to charge not being correct." (Misconduct Hr'g Rep., ECF No. 1-1, PageID.8.)

The MDOC policy directive regarding prisoner discipline describes a "destruction or use of property" violation as "[a]ny destruction, removal, alteration, tampering, or other unauthorized use of property; unauthorized possession of a component part of an item." MDOC Policy Directive 03.03.105, Attachment B (eff. Apr. 18, 2022). The MDOC offers as common examples of such a violation:

> Tampering with locking device; use of a door plug; destruction of property belonging to another person; unauthorized use of a telephone or using another prisoner's Personal Identification Number (PIN) to make a telephone call; possession of television or tape player parts.

*Id*. Putting a shoe down a toilet does not appear to fit squarely into the MDOC description or examples.

Plaintiff offers as a new allegation that "the misconduct was false." (Am. Compl., ECF No. 21-1, PageID.103.)

---

that "[b]ecause the documents attached to Hogan's complaint are referenced in the complaint and 'central to the claims contained therein,' they were properly considered at the § 1915(e)(2) screening stage" (citations omitted)). The Court will generally accept as true the statements that Plaintiff makes in the documents he has attached to the complaint. The Court will generally not accept as true statements made by others in the documents Plaintiff attaches to the complaint.

3

A week after the dismissal, Plaintiff gave Defendant Vanalstine a copy of the hearing report. Plaintiff offers as a new allegation the following:

> Plaintiff asserts that he gave Vanalstine a copy of the dismissed order, to protest that Vanalstine submitted a false and insufficient misconduct against him. Vanalstine himself arguably interpreted the gest[ure] that way, as plaintiff alleges that Vanalstine began taking adverse actions shortly after seeing the dismissed order. Protestations need not be written or otherwise formalized to qualify as protected conduct. An inmate has a right to file non frivolous grievance[s] against prison officials on his own behalf whether written or oral.

(*Id*. (paragraph numbers omitted).)

Plaintiff then continues with quotations from the Court's statement of the facts, as set forth in the "Factual Allegations" section of the Court's dismissal opinion. Plaintiff alleges that by the end of Vanalstine's shift, Vanalstine told Plaintiff that he would not feed Plaintiff breakfast the next day "since [Vanalstine] knew that misconduct got dismissed." (*Id*.)

The next day, as Defendant Vanalstine passed out breakfast, he addressed Plaintiff using a racial slur and asked "why you standing at the door, I told you yesterday I'm not feeding you shit boy since Lieutenant Haapala dismissed that misconduct bitch." (*Id.*, PageID.104.)

Later that day, Defendant Vanalstine wrote a new destruction or misuse of property misconduct report. Vanalstine described the violation as follows:

> In cell 2-113 that was solely occupied by prisoner Beal #327749 He showed me the wall outlet cover. He told me "I removed this from the wall what the fuck are you going to do now you stupid white mother fucker". The cell inspection sheet shows that everything was in working order prior to his occupation of the cell. At no point in time did prisoner Beal have staff authorization to take the outlet cover off the wall. Beal identified by cell door card and Housing Unit 2 Marster Count Board.

(*Id*.)

Plaintiff then adds a new allegation that the new misconduct ticket was false. (*Id*.) Plaintiff then turns back to the Court's statement of the facts from the Court's dismissal opinion.

4

Plaintiff indicates that non-party Lieutenant Pynnonen found Plaintiff guilty of that misconduct on September 27, 2023. A few days later, Defendant Vanalstine told Plaintiff that Vanalstine paid Pynnonen lunch fees for three days to find Plaintiff guilty.

Plaintiff filed a grievance against Defendant Vanalstine on September 29, 2023, complaining that Vanalstine had refused to feed Plaintiff breakfast on September 21 because Lieutenant Haapala had dismissed the misconduct. (Grievance AMF 2310-1227279, ECF No. 1-1, PageID.10–12.) It appears that Plaintiff pursued the grievance through all three steps of the administrative grievance process. (*Id.*) Plaintiff does not indicate that he filed a grievance against Defendant Vanalstine related to the second misconduct or the reported bribe.

Plaintiff seeks compensatory damages in the amount of $2,000 and punitive damages in the same amount. (Am. Compl., ECF No. 21-1, PageID.105.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this action, Plaintiff contends that Vanalstine violated Plaintiff's First Amendment rights by retaliating against him for participating in conduct protected by the First Amendment. Plaintiff sues Defendant Vanalstine in his personal and official capacity.[4]

### A.    Official Capacity Claims

A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the

---

[4] It is possible that Plaintiff did not really intend to sue Vanalstine in both capacities. Plaintiff simply repeated the Court's factual recounting of the first complaint in which Plaintiff sued Vanalstine in both capacities. Nonetheless, accepting Plaintiff's allegations as true, Plaintiff intends to sue Vanalstine in his official capacity and personal capacity.

state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Plaintiff seeks only monetary damages in this action. (*See* Am. Compl., ECF No. 21-1, PageID.105.) However, an official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592–93 (6th Cir. 1989). Therefore, the Court dismisses Plaintiff's claims for monetary relief against Defendant Vanalstine in his official capacity. In that respect, Plaintiff has failed to state a claim against Defendant Vanalstine upon which relief can be granted. The Sixth Circuit Court of Appeals affirmed that part of the Court's initial dismissal opinion. *Beal v. Vanalstine*, No. 24-1224 (6th Cir. Nov. 20, 2024) (ECF No. 18, PageID.79).

### B.     Personal Capacity Claims

In this action, Plaintiff indicates he is raising only one claim: First Amendment retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a

7

person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In the initial dismissal opinion, the Court concluded that Plaintiff's claim failed at the very first step. The Sixth Circuit reversed that part of the Court's decision. The appellate court also identified the additional factual allegations that Plaintiff might make to clarify his First Amendment retaliation claim. Plaintiff's amended complaint succeeds in clarifying the facts in support of Plaintiff's First Amendment retaliation claim. Therefore, the Court concludes that Plaintiff's First Amendment retaliation claim against Defendant Vanalstine in his personal capacity cannot be dismissed on preliminary review.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's claims against Defendant Vanalstine in his official capacity will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claims against Defendant Vanalstine in his personal capacity remain in the case.

An order consistent with this opinion will be entered.

Dated:  January 16, 2025                      /s/ Hala Y. Jarbou
                                              Hala Y. Jarbou
                                              Chief United States District Judge